UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHELVY ANTWAIN BAKER ]
    Petitioner, ]
 ]
v. ]   No. 3:07-1009
 ]
WARDEN HOWARD CARLTON ]
    Respondent. ]

To:   Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By an order (Docket Entry No. 20) entered January 22, 2008, the Court referred this action to the undersigned "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.J."

Presently pending before the Court are respondent's Motion to Dismiss (Docket Entry No. 14) and petitioner's Response in Opposition to the Motion to Dismiss (Docket Entry No. 18).

After a thorough review of these pleadings and the record in this case, the undersigned has concluded that the respondent's Motion to Dismiss has merit. Accordingly, for the reasons stated below, it is respectfully recommended that the respondent's Motion to Dismiss be granted and that this action should be dismissed.

### I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in

1

Mountain City, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Howard Carlton, Warden of the facility, seeking a writ of habeas corpus.

On September 14, 2000, the petitioner pled guilty in the Criminal Court of Davidson County to one count of first degree murder, two counts of attempted murder, three counts of aggravated robbery and three counts of attempted aggravated robbery. For these crimes, he received a sentence of life imprisonment plus twenty (20) years. Having pled guilty, the petitioner did not pursue a direct appeal of the convictions.

The petitioner did, however, file a *pro se* petition for state post-conviction relief. Following the appointment of counsel and an evidentiary hearing, the trial court dismissed the petition. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. The Tennessee Supreme Court later denied petitioner's application for further post-conviction review. Docket Entry No. 15-1.

## II. PROCEDURAL HISTORY

On September 20, 2007, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief.[1] In the petition, he alleges (1) that he was denied the effective assistance of counsel; (2) that his guilty plea was neither voluntary nor knowingly given; and (3) that the prosecutor was guilty of misconduct.[2]

---

[1] The petition is stamped as filed by the Clerk's Office on September 24, 2007. However, a prisoner's pleading is considered filed on the date that it was placed in the institutional mail system for posting. Houston v. Lack, 487 U.S. 266 (1988). The envelope that the petition arrived in is stamped as received in the prison mailroom on September 20, 2007. Therefore, for purposes of timeliness, the petition is considered to have been filed on that date.

[2] The petitioner has identified his attorney as John Rodgers, a member of the Davidson County Bar.

2

Upon its receipt, the Court reviewed the petition and determined that it was not facially frivolous. Accordingly, by an order (Docket Entry No. 3) entered October 11, 2007, the respondent was directed to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

The respondent has answered the petition with a Motion to Dismiss (Docket Entry No. 14). A pleading in opposition to the Motion to Dismiss (Docket Entry No. 18) has been filed by the petitioner. Having carefully considered these pleadings and the record, it appears that an evidentiary hearing is not needed in this matter. See Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. ANALYSIS OF THE CLAIMS

The respondent argues in his Motion to Dismiss that this action is untimely. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), was signed into law. This legislation, which governs the case at bar, made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Consequently, a prisoner in custody pursuant to the judgment of a state court generally has one year from the date his judgment becomes final in which to file a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d).[3]

The petitioner pled guilty and was sentenced on September 14, 2000. There was no direct

---

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

3

appeal of the convictions taken by the petitioner. The time for filing a direct appeal expired thirty (30) days after the petitioner was sentenced, Rule 4(a), Tenn. R. App. P., making his convictions final on October 14, 2000. Thus, the petitioner had one year from this date, or until October 14, 2001, in which to initiate the instant action.

Two hundred ninety (290) days elapsed before the petitioner filed his *pro se* petition for state post-conviction relief.[4] That petition had the effect of tolling the one year limitation period for as long as petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2). The petitioner's post-conviction proceedings were concluded in the state courts on February 26, 2007, the date that the Tennessee Supreme Court rejected his application for further review of the post-conviction appeal. *See* Docket Entry No. 15-1.[5] When the limitation period is no longer subject to tolling, it resumes at that point where it was tolled rather than starting anew. Scott v. Collins, 286 F.3d 923, 926 (6th Cir. 2002). Having already expended two hundred ninety (290) days before filing his state post-conviction petition, the petitioner was left with seventy five (75) days, or until May 12, 2007, in which to file a petition for federal habeas corpus relief.[6] As noted above, this action was filed on September 20, 2007, more than four months after the limitation

---

[4] The post-conviction petition was filed on July 31, 2001. The 290 days are calculated as follows : 17 days (10/15 - 10/31/00) + 30 days (11/00) + 31 days (12/00) + 31 days (1/01) + 28 days (2/01) + 31 days (3/01) + 30 days (4/01) + 31 days (5/01) + 30 days (6/01) + 31 days (7/1 - 7/31/01) = 290 days.

[5] It was previously held in this circuit that the tolling period included the ninety days in which a prisoner could petition the United States Supreme Court for a writ of certiorari. Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003)(en banc), cert. denied sub nom. Caruso v. Abela, 124 S.Ct. 2388 (2004). However, the United States Supreme Court has since ruled otherwise. Lawrence v. Florida, 127 S.Ct. 1079 (2007).

[6] The 75 days are calculated as follows : 2 days (2/27 - 2/28/07) + 31 days (3/07) + 30 days (4/07) + 12 days (5/1 - 5/12/07) = 75 days.

4

period had expired. The petition initiating this action, therefore, is untimely and subject to dismissal.

Of course, the one year limitation period does not act as a jurisdictional bar. Accordingly, the limitation period is subject to equitable tolling. Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir.), cert denied, 534 U.S. 1057 (2001). The doctrine of equitable tolling, however, should be applied sparingly, Id., at pg. 1008, and requires the petitioner to show that extraordinary circumstances beyond his control made it impossible for him to file his petition in a timely manner. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). No such showing is apparent from this record. Consequently, the undersigned finds that the respondent's Motion to Dismiss has merit.

## RECOMMENDATION

Upon consideration of the pleadings and the record in this case, it appears that the instant action is untimely. Accordingly, the undersigned respectfully RECOMMENDS that respondent's Motion to Dismiss be GRANTED and that this action should be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th cir.1981).

Respectfully submitted,

Joe B. Brown
United States Magistrate Judge

5