UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **SHELVY ANTWAIN BAKER** | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 3:07-1009 |
| **HOWARD CARLTON,** | ) ) | Judge Echols |
| Respondent. | ) ) | |

# ORDER

Pending before the Court is a Report and Recommendation ("R & R") (Docket Entry No. 23) from the Magistrate Judge which recommends dismissing this habeas action brought under 28 U.S.C. § 2254 on the ground that the petition was not timely filed. Petitioner has filed Objections to the R & R (Docket Entry Nos. 28 & 29).

When a party makes timely objections to an R&R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). This Court's *de novo* review of the record leads it to conclude that while the Magistrate Judge was correct in concluding that the "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (Docket Entry No. 1) was not timely filed, the matter should be recommitted to the Magistrate Judge for further consideration and analysis of Petitioner's contention that he is entitled to equitable tolling.

After Respondent filed a Motion to Dismiss, the Magistrate Judge reviewed the record and

1

determined that the Petition was filed four months after the expiration of the limitations period provided for in 28 U.S.C. § 2244(d). In his Objections, Petitioner does not challenge the finding of untimeliness, although he does observe that while the Magistrate Judge found the Petition untimely by four months, Respondent only argued that his Petition was filed one month late. The difference, though irrelevant because the Petition was indisputably not timely filed, is explained by the fact that the Respondent included in its calculations a 90-day period for Petitioner to seek a writ of certiorari to the United States Supreme Court after the Tennessee Supreme Court rejected the application for further review of Petitioner's post-conviction appeal. However, in Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007), the United States Supreme Court held that "an application for state postconviction review . . . is not 'pending after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Id. at 1083. Accordingly, the Court agrees with the Magistrate Judge's conclusion that the Petition in this case was untimely because it was filed some four months after the running of the limitations period.

The fact that the limitations period has run does not end the inquiry. As the Magistrate Judge observed, "the limitations period does not act as a jurisdictional bar" and "is subject to equitable tolling." (Docket Entry No. 23 at 5). The Magistrate judge also observed that the doctrine of equitable tolling is applied sparingly and cites the Ninth Circuit decision in Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) for the proposition that equitable tolling requires a showing of extraordinary circumstances beyond Petitioner's control which made it impossible for him to file his Petition in a timely manner. (Id.) Utilizing this standard, the Magistrate Judge found no basis for employing the doctrine of equitable tolling in this case.

2

Several circuits, including the Ninth Circuit, have adopted the "extraordinary circumstances" or "rare and exceptional circumstances" test to the issue of equitable tolling. However, the Sixth Circuit has held that "equitable tolling shall only be appropriate, in habeas and all other cases, after a court has properly considered and balanced the factors set out in Andrews v. Orr, [851 F.2d 146 (6th Cir. 1988)]." Dunlap v. United States, 250 F.3d 1001, 1009-1010 (6th Cir. 2001). In Andrews, the Sixth Circuit, while recognizing that equitable tolling should be employed sparingly, specifically identified five non-exclusive factors a court is to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Andrews, 851 F.2d at 151; see, Solomon v. United States, 467 F.3d 928, 940 (6th Cir. 2006)(Griffin, J. dissenting) (noting Sixth Circuit "stands alone within the circuits in employing . . . peculiar test to evaluate the timeliness of petitions for habeas corpus").

In this case, in both his Response to the Motion to Dismiss (Docket Entry No. 19 at 4) and in his Objections to the R & R (Docket Entry No. 29 at 2-3), Petitioner cites governing Sixth Circuit law and asserts that he is entitled to equitable tolling because he has been diligent in pursuing his rights and there is no prejudice to the Respondent. The Magistrate Judge apparently did not consider those specific claims and instead found equitable tolling inappropriate because Petitioner did not show that "extraordinary circumstances beyond his control made it impossible for him to file his petition in a timely manner." (Docket Entry No. 23 at 5). This case will be returned to the Magistrate Judge for further consideration of the equitable tolling issue in accordance with Dunlap.

3

Accordingly, the R & R (Docket Entry No. 23) is hereby ACCEPTED IN PART and REJECTED IN PART. The R & R is ACCEPTED insofar as the Magistrate Judge concluded that Petitioner's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (Docket Entry No. 1) was not timely filed. The R & R is REJECTED insofar as the Magistrate Judge did not address Petitioner's specific reasons for failing to file his Petition within the required period of time. This case is hereby RETURNED to the Magistrate Judge for further consideration of Petitioner's claim that he is entitled to equitable tolling because he has been diligent in pursuing his claims and there is no prejudice in allowing this case to go forward.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

4

Case 3:07-cv-01009 Document 30 Filed 04/14/08 Page 4 of 4 PageID #: 99