UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHELVY ANTWAIN BAKER       ]
    Petitioner,             ]
                                   ]
v.                                 ]       No. 3:07-1009
                                   ]       Judge Echols/Brown
HOWARD CARLTON             ]
    Respondent.             ]

To :   Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

On February 11, 2008, the undersigned issued a Report and Recommendation (Docket Entry No. 23) concluding that the instant *pro se* § 2254 habeas corpus action is untimely and should be dismissed for that reason. The petitioner filed objections (Docket Entry Nos. 28 and 29) to the Report and Recommendation.

Upon *de novo* review of the record, the Court agreed with the Magistrate Judge that this action had not been filed in a timely manner. However, the matter has been returned to the undersigned "for further consideration of Petitioner's claim that he is entitled to equitable tolling because he has been diligent in pursuing his claims and there is no prejudice in allowing this case to go forward." Docket Entry No. 30 at pg. 4.

The one year limitation period applicable to this action does not act as a jurisdictional bar. Accordingly, the limitation period is subject to equitable tolling in appropriate circumstances.

1

Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir.), cert. denied, 534 U.S. 1057 (2001).[1] The doctrine of equitable tolling, however, should be applied sparingly. Id., at pg. 1008. To determine whether equitable tolling would be appropriate in this case, the Court is obliged to consider five factors. These factors include (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of constructive knowledge of the filing requirement,(3) the petitioner's diligence in pursuing his rights, (4) the absence of prejudice to the respondent, and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his petition. McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003).

Although the statute of limitations is an affirmative defense, Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002), the petitioner bears the burden of persuading the Court that he is entitled to an equitable tolling of the limitation period. McClendon, supra. With respect to whether the petitioner's limitation period should be equitably tolled, the petitioner asserts that " the relevant factors are found at numbers (3) three and (4) four." Docket Entry No. 29 at pg. 2.

The first, second and fourth factors enumerated in McClendon require the Court to determine whether the plaintiff had prior actual or constructive notice of the limitation period. In this regard, the petitioner states that he "was under the assumption that he had one (1) year to file a Federal Habeas Corpus Petition" from the date that his post-conviction proceedings had been concluded in the state courts. Docket Entry No. 29 at pgs. 2-3. This is an acknowledgment by the petitioner that he was in fact aware of the one year limitation period applicable to the filing of his petition. Thus, equitable tolling can not be predicated upon the petitioner's lack of actual or constructive knowledge

---

[1] Dunlap involves the equitable tolling of the limitation period for the filing of a motion pursuant to 28 U.S.C. § 2255. It's holding, however, was made applicable to "...... habeas and all other cases .....". Dunlap at pg. 1009.

2

that his habeas petition was subject to a limitation period. He simply failed to take into account the time that ran off the limitation period after his conviction became final but before it was tolled by the filing of his post-conviction petition. *See* Scott v. Collins, 286 F.3d 923, 926 (6th Cir. 2002)(when the limitation period is no longer subject to tolling, it resumes at that point where it was tolled rather than starting anew).

The third factor to consider is whether the petitioner was diligent in pursuing his right to file a federal habeas corpus petition. Even though the petitioner may have incorrectly believed that he had a full year to pursue his claims in federal court upon the conclusion of his state post-conviction proceedings, he still had seventy five (75) days in which to initiate this action in a timely manner. The petitioner does not explain why he was unable to file this action within that seventy five day period. He simply states that he was diligent in pursuing his rights through the state post-conviction process. But diligence in pursuing state post-conviction relief does not substitute for a lack of diligence in filing for federal habeas corpus relief. Vroman v. Brigano, 346 F.3d 598, 605 (6th Cir. 2003). Consequently, the petitioner has not shown that he was diligent in pursuing his claims through the federal habeas corpus process in a timely manner.

The final specific factor noted in the McClendon opinion is whether the respondent would be prejudiced by an equitable tolling of the limitation period. An absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified. Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988). Here, the petitioner has shown neither a lack of notice nor diligence in pursuing his federal habeas corpus claims in a timely manner. Therefore, prejudice to the respondent is irrelevant to this discussion of equitable tolling.

In essence, the petitioner's claim for equitable tolling rests on his assertion that he

miscalculated the running and expiration of the limitation period. But ignorance of the law, standing alone, is not sufficient to warrant equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir.), cert. denied, 125 S.Ct. 200 (2004).

### RECOMMENDATION

Having carefully considered all relevant factors, it appears that the petitioner is not entitled to the equitable tolling of the limitation period. Accordingly, the undersigned respectfully RECOMMENDS that the respondent's Motion to Dismiss (Docket Entry No. 14) be GRANTED and that this action should be DISMISSED as untimely.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 106 S.Ct. 466 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Joe B. Brown
United States Magistrate Judge

4