**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **SHELVY ANTWAIN BAKER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. 3:07-1009** |
| ) | **Judge Echols** |
| **HOWARD CARLTON,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

On April 14, 2008, this Court entered an Order (Docket Entry No. 30) which accepted in part and rejected in part a Report and Recommendation (Docket Entry No. 23) which recommended dismissal of this habeas action brought under 28 U.S.C. § 2254 on the ground that the petition was not timely filed. While the Court agreed with the conclusion that the petition was untimely, the Court recommitted the matter to the Magistrate Judge to consider whether equitable tolling was appropriate under existing Sixth Circuit precedent.

The Magistrate Judge issued a Report and Recommendation ("R & R") (Docket Entry No. 31) dated April 21, 2008 in which he concludes that the limitations period for filing a Section 2254 action should not be equitably tolled and that this case should be dismissed because it was not filed in a timely manner. At the end of the R & R, Petitioner was informed of his obligation to file any objections within ten days of service by virtue of the following language:

> Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and

1

Recommendation. *See* Thomas v. Arn, 106 S.Ct. 466 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

(Id, at 4). Despite this clear language, Petitioner filed no objections, but instead chose to file a "Notice of Appeal" in which he indicated his intention to "appeal to the United States Court of Appeals for the 6th Circuit[.]" (Docket Entry No. 33). He did so at his own peril. See, Spencer v. Bouchard, 449 F.3d 721, 724 (6th Cir. 2006)(collecting cases)(a party who "fails to timely object is deemed to waive review of the district court's adoption of the magistrate judge's recommendations").

Where, as here, no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b). Having carefully reviewed the entire record in this case, the Court finds that the Magistrate Judge correctly concluded that equitable tolling is not appropriate under the facts of this case.

Accordingly, the Court rules as follows:

(1) The R & R (Docket Entry No. 31) is hereby ACCEPTED and APPROVED;

(2) Respondent's Motion to Dismiss (Docket Entry No. 14) is hereby GRANTED; and

(3) This case is hereby DISMISSED WITH PREJUDICE.

Entry of this Order on the docket shall constitute entry of final Judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

IT IS SO ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE